IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DAUNDERA DWIGHT PIERCE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:12-cv-00018-WMA-JHE |
| ARETHIA CARSON, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on August 6, 2014, recommending that the defendants' motions for summary judgment be granted and this cause be dismissed with prejudice. (Doc. 82). The plaintiff filed objections to the report and recommendation on August 13, 2014.[1] (Doc. 83).

In his objections, the plaintiff merely restates his claims that: (1) Defendant Carson should have charged him with violating Rule # 38, instead of Rule # 63; (2) Defendant Carson is not a

---

[1] On August 13, 2014, the plaintiff filed a document titled "Notice of Appeal." (Doc. 83). Although the document contained what appeared to be objections to the magistrate judge's report and recommendation, the plaintiff clearly stated that he "wish[ed] to appeal the ruling that his petition be dismissed . . . ." (Doc. 83 at 4). The district court notified the Eleventh Circuit Court of Appeals that the plaintiff had filed a Notice of Appeal. (Docs. 85 & 86). Thereafter, the plaintiff advised the district court that he did not intend to file an appeal, (doc. 90), and only sought to "oppose the motion for summary judgment," (doc. 92).

On October 28, 2014, the Eleventh Circuit dismissed the plaintiff's appeal for want of prosecution. (Doc. 93). Because the plaintiff states that he erred in filing the Notice of Appeal, and since the notice appears to contain specific objections to the magistrate judge's report and recommendation, the court will construe the plaintiff's Notice of Appeal as his objections to the magistrate judge's report and recommendation. (Doc. 83).

correctional officer and should not have signed his disciplinary; (3) Defendant Mason should not have served as the hearing officer during his disciplinary hearing; and (4) Defendant Headley failed to send him to the infirmary and, instead, left him in a dirty cell. (Doc. 83). The plaintiff fails to address the undisputed facts which establish the defendants were not deliberately indifferent to the plaintiff's serious medical needs and did not violate his due process rights.

The plaintiff also complains that the magistrate judge refused to provide him with his medical records from Corizon and/or CharDonnay Dialysis, which show medical staff prescribed him medication for itching and that the prescription had expired. (Doc. 83 at 2). The plaintiff contends these records prove he was scratching himself, and not masturbating, as the defendants allege. (Docs. 71 & 74). In support of their motion for summary judgment, Defendants Carson and Porter, who are employees of CharDonnay Dialysis, submitted the plaintiff's medical records, which total well over 400 pages.[2] (Doc. 63). The magistrate judge noted in the report and recommendation that the plaintiff's medical records show from October 2007 to at least October 2011, Dr. Maddox and Dr. Talley submitted orders that the plaintiff be administered Benadryl or hydrocortisone cream for itching. (Doc. 82 at 6). Therefore, the plaintiff's claim that the magistrate judge refused to provide him with his medical records concerning his prescription for itching is without merit.[3] Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court

---

[2] The plaintiff also resubmitted some of these same medical documents in his opposition to the defendants' motions for summary judgment. (Doc. 79, ex. 2-7).

[3] Even taking as true the plaintiff's claim that he was scratching himself and not masturbating, his claims are still due to be dismissed. The plaintiff does not establish that his itching constituted a serious medical need or that any of the defendants were deliberately indifferent to it. Neither does the plaintiff show that his due process rights were violated during his disciplinary hearing for allegedly masturbating. Rather, the undisputed evidence shows that he received the procedural protections afforded by *Wolff v. McDonnell*, 418 U.S. 539 (1974).

is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motions for summary judgment are due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 4th day of November, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE